## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

LAS MARIANAS PIZZA OF PINECREST, LLC d/b/a SIR PIZZA PINECREST, LAS MARIANAS PIZZA, INC., and RENE SANCHEZ, (the "Defendants"), including all of their officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, and JULIO CESAR RONDON including his heirs, representatives, attorneys, successors, and assigns, (the "Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Confidential Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of his employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement.

Defendants specifically release and discharge any claims they might allege to have against Plaintiff related to this case. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:
   a) Title VII of the 1964 Civil Rights Act
   b) The Civil Rights Act of 1991
   c) The Age Discrimination in Employment Act
   d) The Older Workers Benefit Protection Act
   e) The Equal Pay Act
   f) The Fair Labor Standards Act ("FLSA")
   g) The Employee Retirement Income Security Act (ERISA)
   h) The Americans with Disabilities Act of 1990
   i) The Rehabilitation Act of 1973
   j) The Family and Medical Leave Act of 1993
   k) 42 U.S.C. §§ 1981, 1985(3), and 1986
   l) The Occupational Safety and Health Act
   m) Chapter 760, Florida Statutes
   n) The Florida Private Whistle-blower's Act of 1991
   o) Chapter 11A of the Miami-Dade County Code

2. This Release includes all claims which were, or could have been, asserted in the lawsuit styled *RONDON et al. v. LAS MARIANAS PIZZA OF PINECREST, LLC, et al.*, Case



*Rondon v. Las Marianas Pizza of Pinecrest, LLC*
Settlement Agreement
P a g e | 2

Number 13-23550 currently pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

**Consideration.** In consideration of the promises of Plaintiff as set forth herein, the Defendants agree to pay a total settlement in the amount of Five Thousand Dollars and No Cents ($5,000.00) ("Settlement Funds"). Payment shall be made to Plaintiff's counsel in a single Cashier's check payable to Client Trust Account of J.H. Zidell, P.A., which is due and payable no later than 12/23/13.

Of the total settlement proceeds, Plaintiff shall receive ($2,200). Plaintiff's Counsel shall receive a total of ($2,800) as payment for fees and costs incurred in this case ($520 of that amount is costs).

3. **Non-Admission Clause.** By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

4. **Non Disparaging Remarks.** The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the Parties agree that Defendants will only provide a neutral reference regarding dates of employment, positions held, and rate of pay at the time of the termination of employment.

5. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall remain in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

   a) **Dismissal of Lawsuit.** The Parties agree to file with the Court in the Litigation a Motion for Approval of the Parties Settlement Agreement and Dismissal with Prejudice of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this Agreement, along with a proposed Order.

6. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

7. **Entire Agreement.** This Agreement constitutes the complete understanding of the Parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these Parties shall be



Party.

8. **Voluntariness.** Plaintiff certifies that he has fully read, negotiated, and completely understand the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence. Further, at all times throughout the Litigation, Plaintiff was represented by J.H. Zidell, Esq. of J.H. Zidell, P.A.

9. **No Re-Employment.** Plaintiff acknowledges that he will not seek and is not entitled to, reemployment or reinstatement to employment with Defendants or any related entities or affiliates at any time in the future. Plaintiff agrees that this forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory, or retaliatory.

10. **Enforcement.** In the event any action is commenced to enforce this Agreement, the prevailing party shall be entitled to reasonable fees and costs.

11. **Indemnification.** Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder, including, without limitation, Plaintiff, the IRS, or any other person.

12. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement.

13. **Confidentiality.** By receipt of the Settlement Amount set forth above, the Plaintiff expressly agrees that the terms of this Agreement (including but not limited to the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any past, present or future employees of the Defendants or any other persons, with the exception of: (1) this Agreement may be used as evidence in any action relating to a breach of this Agreement; (2) for enforcement of this Agreement; (3) Plaintiff's counsel; (4) Plaintiff's Accountants; (5) for reporting to Taxing authorities; (6) Plaintiff's spouse; (7) or when otherwise required by law. As to the terms of this Agreement, Plaintiff may only state that the dispute has been "resolved." The prevailing party to a suit for any breach of this Agreement is entitled to all attorneys' fees and costs, jointly and severally, from the non-prevailing party.

*Rondon v. Las Marianas Pizza of Pinecrest, LLC*
Settlement Agreement
P a g e | 4

14. **Default.** Should Defendants fail to make payment of the Settlement Funds pursuant to this Agreement or should the check be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via email to Defense Counsel. In the event Defendants fail to cure said breach within (3) business days, Plaintiff shall be entitled to a default final judgment against all Defendants jointly and severally in the amount of ($7,500), and shall be entitled to any fees and costs incurred in enforcing said settlement agreement.

By: _[signature]_
JULIO CESAR RONDON
Date: 12/9/13

LAS MARIANAS PIZZA OF PINECREST, LLC
d/b/a SIR PIZZA PINECREST
By: _[signature]_
Name: Rene Sanchez
Title: ex Vice President
Date: 12-11-13

LAS MARIANAS PIZZA, INC
By: _[signature]_
Name: Rene Sanchez
Title: Executive VP
Date: 12-11-13

By: _[signature]_
RENE SANCHEZ
Date: 12-11-13